928 F.2d 1135
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernst PERKINS, Plaintiff/Appellant,
v.
Robert HOGAN, Sergeant, Elisha Walters and Shani Sun-Demus,
Defendants/Appellees.
 No. 89-2845.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1991.*
Decided March 25, 1991.
Rehearing Denied April 29, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division; No. 87 C 9756, Marvin E. Aspen, Judge.
 N.D.Ill.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellant Ernst Perkins filed a 71-count complaint based upon 42 U.S.C. Sec. 1983 and Sec. 1985, and several pendent state law claims, charging that various Chicago and Cook County law enforcement officials violated his constitutional rights when they arrested him in April, 1987. The district court dismissed most counts of the complaint but allowed Mr. Perkins to proceed against the three defendants named here on charges of false arrest and two pendent state law charges--false imprisonment and malicious prosecution. After Mr. Perkins presented his case to a jury, the defendants moved for a directed verdict. The district court granted that motion and issued a directed verdict for the defendants on the Sec. 1983 false arrest claim and dismissed the pendent state law claims. It is the district court's decision to grant a directed verdict to the defendants that Mr. Perkins appeals.[1]
 
 FACTS
 
 2
 Early in the morning on April 22, 1987 a man was injured when he was slashed with a knife by another man at the Pacific Garden Mission homeless shelter. Chicago police officers assigned to the area responded to a radio message about the attack and went to the Mission. The officers were informed by the victim and at least one employee of the Mission about the attack.
 
 
 3
 The officers began an investigation and came upon and stopped Mr. Perkins, who was heading away from the Mission. Mr. Perkins was one block north and one block east of the site of the slashing at the time the police stopped him. Mr. Perkins was then arrested. At the time of his arrest, Mr. Perkins possessed a knife which the police officers confiscated as evidence in their investigation.
 
 
 4
 Mr. Perkins was taken to the police station and interrogated. He was charged with aggravated battery although the charges were later reduced to battery. He was transported to the Cook County jail where he spent the night and was then released on bond. Mr. Perkins made at least five court appearances for the charge resulting from the slashing. At one point, the charge against Mr. Perkins was dropped but was subsequently reinstated. Ultimately, the charge was dropped and the case against Mr. Perkins dismissed.
 
 ANALYSIS
 
 5
 Our standard of review in cases where the district court granted a directed verdict is de novo. Wilson v. Electro Marine Systems Inc., 915 F.2d 1110, 1117 (7th Cir.1990). Like the trial court, we examine the record to discern whether Mr. Perkins offered any evidence upon which a jury could properly grant him a verdict. See Warrington v. Elgin, J & E Ry., 901 F.2d 88, 89 (7th Cir.1990). We conduct this analysis by viewing the evidence in light most favorable to the non-moving party. Id. at 90.
 
 
 6
 In granting the defendants a directed verdict, the district court explained:
 
 
 7
 ... based upon the information [the defendants] had received, based upon the plaintiff's actions, they had probable cause to arrest the defendant [Mr. Perkins] and to make further inquiry. Based upon the information that these officers and other investigating officers had at the time, it's clear that there was a bona fide basis to prosecute the defendant [Mr. Perkins] ...
 
 
 8
 Based on our review of the record, we conclude that the district court's finding was correct. At trial, Mr. Perkins conceded that he was near the scene of the incident and was leaving the area when he was stopped. Mr. Perkins further conceded that at the time he possessed a knife. Further, Mr. Perkins introduced into evidence police documents that support the defendants' contention that they had probable cause to stop and arrest Mr. Perkins. These documents contained reports that the victim identified Mr. Perkins as his attacker, that Mr. Perkins admitted slashing the victim because the victim had pushed him, and that numerous people had directed the police toward Mr. Perkins when the officers first arrived at the Mission in response to a report of the attack. Further, these documents contained a description of the attack from an eyewitness, identifying Mr. Perkins as the attacker.
 
 
 9
 It is well settled that the existence of probable cause for an arrest is an absolute bar to a Sec. 1983 claim for false arrest. Mark v. Furay, 769 F.2d 1266, 1269 (7th Cir.1985); Smith v. Chicago, 913 F.2d 469, 473 (7th Cir.1990). Thus, there is no constitutional violation if the defendants had probable cause to arrest a plaintiff. Smith, 913 F.2d at 473. As such, Mr. Perkins failed to provide evidence that the defendants violated his constitutional rights. The district court therefore correctly directed a verdict for the defendants. AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Perkins raises a number of other objections to the proceedings below. He argues: 1( that the district court erred by a) denying his motion to amend the complaint to name additional defendants and b) vacating a default judgment against a defendant because that defendant did not receive notice of the charges; 2) that the defendants violated his Fourth Amendment rights against illegal seizure; 3) that the defendants denied his due process rights; 4) that the defendant conspired to deny him his constitutional rights; and 5) that a defendant violated his Eighth Amendment rights by acting with deliberate indifference in failing to release him from custody. Each of these claims is without merit